UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRISCILLA MONTOYA, as the Administrator of the ESTATE OF MIGUEL VEGA, Deceased,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY OF CHICAGO, MATTHEW KRZEPTOWSKI, and ZACHARY KUTA,<br><br>  Defendants. | )<br>)<br>)   21 C 4596<br>)<br>)   Judge Gary Feinerman<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

For the reasons set forth below, Defendants' motions to dismiss [24][25] are granted. Plaintiff's federal claims are dismissed without prejudice and, pursuant to 28 U.S.C. § 1367(c)(3), the court relinquishes its supplemental jurisdiction over her state law claims. Plaintiff may file an amended complaint by 3/15/2022. Failure to do so will result in the dismissal with prejudice of her federal claims and dismissal without prejudice of her state law claims.

**STATEMENT**

Priscilla Montoya, as the administrator of Miguel Vega's estate, alleges in this suit under 42 U.S.C. § 1983 and Illinois law that the City of Chicago and Chicago police officers Zachary Kuta and Matthew Krzeptowski violated Vega's rights by, respectively, causing, failing to intervene in, and using excessive force against him in a manner that resulted in his death. Doc. 1. Defendants move under Civil Rule 12(b)(6) to dismiss the complaint. Docs. 24-25. Their motions are granted, though Montoya will be given a chance to replead.

Montoya's federal claims, which arise under the Fourth Amendment, are dismissed because the complaint and her arguments against dismissal fail to clarify the factual basis for the excessive force claim against Krzeptowski, on which the other federal claims depend. Specifically, the complaint and Montoya's written briefs and arguments at the motion hearing presented shifting and inconsistent factual allegations regarding Krzeptowski's intentions in firing his weapon, which are critical to the Fourth Amendment excessive force inquiry. *See Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) (holding that a Fourth Amendment seizure occurs "only when there is a governmental termination of freedom of movement *through means intentionally applied*"); *Duran v. Sirgedas*, 240 F. App'x 104, 112 (7th Cir. 2007) ("[I]f a police officer intends to inflict injury, without justification, the fact that the officer intentionally targets a large group of individuals, as opposed to a specific individual, is irrelevant.").

1

The complaint alleges that Krzeptowski did not target Vega, and instead fired "towards civilians … without a clear target and without knowing who was in his line of fire." Doc. 1 at ¶ 12; *see also id.* at ¶ 20 ("Krzeptowski fired his service weapon on a public street with civilians in the line of fire in reckless disregard for innocent bystanders who were outside, such as the Vega and others."). Montoya's opposition brief suggests that Krzeptowski *did* target Vega—by citing to and attaching a Tactical Response Report, completed by Krzeptowski, that lists Vega as the "subject" who had first fired on the officers, Doc. 32 at 8, Doc. 32-1 at 2—while simultaneously arguing that Krzeptowski fired "towards civilian*s*" and "with civilian*s* in the line of fire," Doc. 32 at 7 (emphasis added). At the motion hearing, Doc. 39, Montoya alternately and inconsistently argued that "it doesn't even seem like Krzeptowski actually … knows where he's shooting or what he's shooting at," that Krzeptowski was "shooting at a group of people that included Mr. Vega," and that Krzeptowski was shooting "at Vega." With all these conflicting signals, it is impossible to tell whether Montoya alleges that Krzeptowski intended to shoot at Vega, fired randomly into a crowd of civilians without intending to target Vega, or both. While Montoya may plead in the alternative, *see* Fed. R. Civ. P. 8(d), she must somehow convey her intent to do so, *see Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000) ("While [the plaintiffs] need not use particular words to plead in the alternative, they must use a formulation from which it can be reasonably inferred that this is what they were doing."), which she has not done. Montoya's excessive force claim against Krzeptowski is therefore dismissed for failing to give fair notice of the facts on which the claim rests. *See Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 946-47 (7th Cir. 2013) (noting that complaints that "present a vague, confusing, and conclusory articulation of the factual and legal basis for the claim" violate Rule 8's "purpose of … giv[ing] defendants fair notice of the claims against them and the grounds supporting the claims," and holding that the complaint under consideration violated federal pleading standards by "render[ing] it unclear precisely what fact [plaintiff] has attempted to allege") (internal quotation marks omitted).

Absent the Fourth Amendment excessive force claim against Krzeptowski, Montoya's remaining federal claims cannot proceed. Montoya alleges that Kuta failed to intervene to stop Krzeptowski from using excessive force against Vega. Doc. 1 at ¶¶ 14, 59-60. That claim necessarily depends on Krzeptowski having used excessive force. *See Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation."). Montoya's *Monell* claim against the City fails for a similar reason: as the City observes, Doc. 25 at 5-6, in general, "a municipality cannot be liable under *Monell* when there is no underlying constitutional violation by a municipal employee." *Sallenger v. City of Springfield*, 630 F.3d 499, 504 (7th Cir. 2010); *see also Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015); *Petty v. City of Chicago*, 754 F.3d 416, 424 (7th Cir. 2014). The exception to that general rule articulated in *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010), does not appear to apply here, as a finding that the City's policies or practices were the "moving force" behind Krzeptowski's use of excessive force would appear to be inconsistent with a finding that he did not use excessive force. *See ibid*. ("[A] municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict."). In any event, because Montoya did not respond to the City's argument that the *Monell* claim must be dismissed if the claims against the officers are dismissed, she has forfeited any argument against dismissal of the *Monell* claim, at least for purposes of the present motions to dismiss. *See G & S*

*Holdings LLC v. Cont'l Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) ("We have repeatedly held that a party waives an argument by failing to make it before the district court. That is true whether it is an affirmative argument in support of a motion to dismiss or an argument establishing that dismissal is inappropriate.") (citations omitted).

 Montoya also brings state law claims under the Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, and the Illinois Survival Act, 755 ILCS 5/27-6. Because the parties are not of diverse citizenship, the only basis for jurisdiction over those claims is the supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(c)(3) provides that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "As a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining [supplemental] state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dietchweiler ex rel. Dietchweiler v. Lucas*, 827 F.3d 622, 631 (7th Cir. 2016) (same). The court will follow that general rule here, particularly because the federal claims are being dismissed at an early stage. *See Phillips v. Baxter*, 768 F. App'x 555, 560 (7th Cir. 2019) ("As to the state-law claims, after dismissing [the plaintiff's] federal claims at such an early stage of litigation, the district court should have followed the presumption of relinquishing jurisdiction over them."); *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 285 (7th Cir. 2007) (holding that the district court properly relinquished supplemental jurisdiction over the plaintiff's state law claims "given the fact that her federal claims were dismissed at such an early stage on a purely legal ground").

 Accordingly, the complaint is dismissed. The dismissal is without prejudice, *see Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519 (7th Cir. 2015), and Montoya is given until March 15, 2022 to file an amended complaint that repleads her federal and state law claims. If Montoya alleges facts or brings claims in the alternative, she should be sure to attend to the requirements under Rule 8(d).

February 22, 2022               _____
                           United States District Judge